IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY E STARK,

    Petitioner,
v.                                         CASE NO. 1:19-cv-193-AW-GRJ

MARK W MOSELEY, et al.,

    Respondents.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Jeffrey Earl Stark, proceeding *pro se,* initiated this case by filing a handwritten pleading construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court ordered Petitioner to re-file his petition on the Court's form and to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper. ECF No. 4. This case is now before the Court on ECF No. 5, Petitioner's amended petition, and ECF No. 6, a motion for leave to proceed as a pauper. The Court finds that leave to proceed as a pauper is due to be granted. For the following reasons, it is respectfully recommended that the petition be dismissed as successive.

The Petition stems from Petitioner's February 11, 2015, Levy County conviction for lewd or lascivious exhibition, in Case No. 2014-CF-545, for

which he received a sentence of one year in county jail and three years' probation. ECF No. 5 at 1-2. As grounds for relief, Petitioner claims that he was not observed in the act of committing a crime when he was arrested, that the statute under which he was convicted is "illegal", that his charge and sentence were "illegally vacated", and that he was "illegally recharged and resentenced". *Id.* at 9-19.

Petitioner has previously sought federal habeas corpus relief from this same state conviction. *See Stark v. Jones,* Case No. 1:16-cv-57-MP-EMT, ECF Nos. 24, 27 (N.D. Fla. Dec. 7, 2016) (denying petition and denying a COA); *see also Stark v. Levy County Sheriff,* Case No. 1:17-cv-64-MW-GRJ, ECF Nos. 7, 9 (N.D. Fla. April 4, 2017) (construing complaint in part as habeas petition and noting that habeas claims were successive).

In order to file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so.

Accordingly, it is **ORDERED** that Petitioner's motion for leave to proceed as a pauper, ECF No. 6, is **GRANTED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 5, be **DISMISSED** for lack of jurisdiction.  The **Clerk** must send Petitioner the forms necessary to seek authorization from the Court of Appeals to file a second or successive petition.

**IN CHAMBERS** this 24th day of October 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.